Mr. Justice Odifeord
delivered tbe opinion of tbe court:
Twenty per cent, additional pay is allowed by tbe joint resolution of tbe 28th of February, 1867, to certain persons or classes of persons therein described, who are employed in the civil service of the United States in this city, whose salaries, as fixed by law, do not exceed three thousand five hundred dollars per annum, to be paid out of any money in the Treasury not otherwise appropriated. (14 Stat. L., 569.)
Objection is made in several of the pending cases arising under that resolution that the claimant does not show himself to be an employé in the civil service of tbe United States, which it is said is the primary condition and the one required to be shown in every case before tbe party can lawfully claim the prescribed additional compensation, and the attempt is made by the appellants to restrict the meaning- of the term “civil service ” so as to exclude all persons from the benefits of the provision except such as have been appointed to office or hold appointments of some kind in that service. They contend that the wmrds “ in the civil servicen were not employed merely7 to contradistinguish the service described-from that of the military or naval service of the United States, but also to show that the persons entitled to the benefits of the. enactment must be persons filling offices or holding appointments established by law.-
Beyond doubt those words were intended to contradistinguish: the service described from that of the military or naval service, but the court is unable to concur in the proposition that they were also intended to restrict the operation of the resolution to persons in office in the civil 'service; or to persons holding appointments in that service as salaried officers.
Certain described persons and classes of persons are plainly entitled to the benefit of the provision, whether regarded as officers or as mere employes, and it is no valid argument against thatproposition to show that there are or may be other employés or persons in the civil service here who are not within that *292 description, as the terms of the enactment are special and- do not extend to every employment in that service, but only to the described persons and classes of persons therein mentioned.
Civil officers whose salaries, as fixed by law, do not exceed three thousand five hundred dollars per annum, are clearly within the terms of the resolution, and so are temporary and other clerks, messengers, and watchmen, including- enlisted men detailed, as such, and employés, male and female, in the Executive Mansion, and in the State, Treasury, War, Navy,. Interior, and Post-Office Departments, and the Department of Justice, or in any bureau or division of such a Department, including- the Agricultural Bureau, and all civil officers, whether permanent or temporary, in the offices of the Coast Survey, Naval Observatory, navy-yard, arsenal, Paymaster-General, Commissary-General of Prisoners, Bureau of Refugees, Freedmen and Abandoned Lands, office of Quartermaster-General, Capitol and Treasury extension, City Post-office, and Commissioner of Public Buildings, and the other officers and employés described in the same resolution.
By the finding of the Court of Claims it appears that Fitzpatrick was an employé in the office of the Commissioner of Public Buildings, as keeper of the western gate of the Capitol; that Hall was an employé in the office of the Commissioner of Public Buildings, in that part of the Capitol* called the crypt; that Bohn was an employé in the office of the Commissioner of Public Buildings, as a laborer on the Public Grounds; that Lytle was an employé in the office of the Commissioner of Public Buildings, as watchman in tbe east grounds of the Capitol; that Holbrook was an employé in the office of the Commissioner of Public Buildings, as watchman at the stables; that Richards was an employé in the office of the Commissioner of Public Buildings, as watchman on the Capitol dome, and that Newman was an employé in the office of the Commissioner of Public Buildings, as captain of the Capitol police. Employés in the office of the Commissioner of Public Buildings being within the very words of the joint resolution, the Court of Claims in each of these cases rendered judgment for the claimant, and the United States appealed to this court.
Most of the defenses to the several claims have already been considered in the remarks preceding the statement of the case, but there are also certain special objections which deserve *293 some consideration, as, for example,’ it is insisted that the question whether the claimant was or was not an employé in the office of the Commissioner is a question of law and not a question of fact, and that being a question of law it may be re-examined in this court.
Whether the claimant was or not employed by the Commissioner of Public Buildings is certainly a question of fact, but the question as to what relation he sustained to that office may perhaps be a question of law, as assumed by the United States. What they contend is that the words of the act “ in the office of” have respect to another class of employes; that those words refer to the clerks and messenger and the like, but the court is of a different opinion, as clerks and messenger are specially mentioned in the same enactment, which shows that the words “ employés in the office of” were intended to embrace a class of persons other and different from the persons having appointments as officers in the building assigned to the Commissioner. Such an interpretation would be too restricted to comport with the general scope and object of the resolution or with any of the canons of construction usually applied in ascertaining the meaning of a remedial law.
Offices may be and usually are divided into two classes— civil and military. Civil officers are also usually divided into • three. classes — political, judicial, and ministerial. Political offices are such as are not immediately connected with the administration of justice, or with the execution of the mandates of a superior, as the President or head of a Department. Judicial offices are those which relate to the administration of justice, and which must be exercised by the persons appointed for that purpose and not by deputies. Ministerial offices are those which give the officer no power to judge of the matter to be done, and which require him to obey some superior, many of which are me.rely employments requiring neither a commission nor a warrant of appointment, as temporary clerks or messengers. (Mallory’s Case, 3 C. of Cls. R., 257; Kirby’s Case, 3 C. of Cls. R., 265.)
Neither a commission nor a warrant of appointment is necessary to entitle an employé to the benefit of the provision under consideration, provided he was actually and properly employed in the Executive Mansion, or in any of the Departments, or in any bureau or division thereof, or in the office of the Capitol *294 or Treasury extension, or in the office of the Commissioner of Public Buildings, or in any other of the offices therein mentioned, if it appears that he is one of the persons or class of persons described in the joint resolution. Persons so employed are properly in the sendee if they were employed by the head of the Department or of the bureau or any division of the Department charged with that duty and authorized to make such contracts and fix the compensation of the person employed, even though the particular employment may not be designated in any appropriation act.
Many persons not employed as clerks or messengers of a Department are in the public service by virtue of an employment by the head of the Department or by the head of some bureau of the Department authorized by law to make such contracts, and such persons are as much in the civil service within the meaning of the joint resolution as the clerks and messengers employed in the rooms of the Department building. (United States v. Belew, 3 Brock, 280; Graham v. United States, 1 C. of Cls. R., 380; Com. v. Sutherland, 3 S. & R., 149.)
Tested by these rules it is clear that each of the eight claimants whose cases are under consideration were employés in the office of the Commissioner of Public Buildings, and that the judgment of the Court of Claims in each case was correct.
Judgment in each case areirMED.